UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONALD CHARLES BEATY, ) <br> ) <br> Defendant. ) <br> ) | No. 5:25-CR-147-REW <br><br> ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 13 (Amended Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Donald Charles Beaty's guilty plea and adjudge him guilty of the sole count of the Information (DE 5). *See* DE 12 (Recommendation); *see also* DE 9 (Plea Agreement). Judge Stinnett expressly informed Beaty of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 12 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 12, **ACCEPTS** Beaty's guilty plea, and **ADJUDGES** Beaty guilty of the sole count of the Information.

2. Further, per Judge Stinnett's unopposed recommendation and Defendant's agreement (DE 9 at ¶ 10), the Court provisionally **FINDS** that the property identified in the operative Information (DE 1 at 2) is forfeitable and that Beaty has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED** and thus, the Court enters a preliminary order of forfeiture in the form of a money judgment in the stipulated amount of $383,086.00, which represents proceeds of the offense. The provisions of the plea agreement, as to said judgment, further apply. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. FED. R. CRIM. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B). Should the United States seek a different form of preliminary order, it may file a motion or tender an agreed document; and

3. The Court will issue a separate sentencing order.[1]

This the 29th day of December, 2025.

---

[1] At the hearing, Judge Stinnett permitted Beaty to be released on unsupervised bond pending sentencing. *See* DE 13. Absent intervening orders, Defendant shall remain on release, per the stated conditions of release, pending sentencing. *See id.*

Signed By:

*Robert E. Wier* REW

**United States District Judge**